IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**BELZ PARK PLACE G.P.,**
**and BELZ/SOUTH BLUFFS, INC.**

    **Plaintiffs,**

v.                                                                                    Civil Action No. _____

**P.F. CHANG'S CHINA**
**BISTRO, INC., and**
**ZURICH AMERICAN**
**INSURANCE COMPANY,**

    **Defendants.**

## COMPLAINT

    COME NOW Plaintiffs, Belz Park Place G.P. and Belz/South Bluffs, Inc. (collectively "Belz"), by and through counsel, Glassman, Edwards, Wyatt, Tuttle & Cox, P.C., and hereby file this Complaint against the Defendants P.F. Chang's China Bistro, Inc. ("PFC") and Zurich American Insurance Company ("Zurich"), and would state unto the Court the following:

### PARTIES AND JURISDICTION

    1.    The Plaintiff Belz Park Place G.P. is a partnership doing business in the State of Tennessee at all times relevant herein.

    2.    The Plaintiff Belz/South Bluffs, Inc. is a corporation doing business in the State of Tennessee at all times relevant herein.

3. PFC is a foreign corporation with its principal office located at 7676 E. Pinnacle Peak Road, Scottsdale, Arizona, 85255 and is licensed to do business in the State of Tennessee at all times relevant herein. PFC may be served with process through its registered agent, National Registered Agents, Inc., 2300 Hillsboro Road, Nashville, TN 37212.

4. Zurich is a foreign insurance company subject to the jurisdiction of this Court by conducting continual and extensive business in the State of Tennessee and by contracting to provide insurance coverage to Defendant PFC, and Plaintiff as an additional insured, that is the subject of this dispute.

5. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332.

**FACTS**

6. This dispute arises out of the rape, assault, and robbery of a woman identified only as Jane Doe ("Ms. Doe") on or about September 12, 2010 which took place on the premises of PFC.

7. Ms. Doe filed two lawsuits seeking damages for personal injuries in Shelby County, TN Circuit Court in connection with her attack on PFC's premises. The first lawsuit was filed against PFC and Ms. Doe's assailant under Docket No. CT-004140-11 on June 2, 2011. Ms. Doe filed the second lawsuit against Belz and Crazy Dog, Inc. d/b/a Glass Doctor of Memphis under Docket No. CT-004140-11 on September 9, 2011 (generally the "personal injury lawsuit").

8. As alleged in the personal injury lawsuit, PFC is a restaurant where Ms. Doe was a management level employee when she was attacked by a fellow PFC employee who was employed as a cook.

9. On the night of Ms. Doe's attack, Ms. Doe was located in the restaurant's office to complete the restaurant's closing procedures when Ms. Doe's assailant, who had propped open a side door open before leaving earlier in the night, returned through said side door and unlawfully restrained and bound Ms. Doe against her will, threatened her with a gun, took money from PFC's safe, and raped Ms. Doe before leaving the premises.

10. Prior to the incident giving rise to Ms. Doe's personal injury lawsuit, on or about July 16, 1999, PFC, as Lessee, and Belz Park Place, L.P., as Lessor, entered into a lease agreement ("Lease Agreement") whereby PFC agreed to lease a parcel of commercial property from Belz Park Place, L.P. within the premises described as Park Place Centre located at 1181 Ridgeway Road, in Memphis, County of Shelby, State of Tennessee ("Park Place Centre").

11. On or about October 18, 2000, Belz Park Place, L.P. and PFC amended the July 16, 1999 Lease Agreement to change the name of the Landlord from Belz Park Place, L.P. to Belz Park Place G.P.  <u>Amendment to Lease</u> attached as Exhibit "A".

12. Under Section 8(d) of the Lease Agreement, PFC agreed as follows:

> From and after the Commencement Date of this Lease and during the term of this Lease, the Lessee shall at all times, at its own cost, maintain commercial general liability insurance coverage, including personal injury, bodily injury, broad form property damage and contractual liability coverage covering the Demised Premises in the amount of not less than One Million Dollars ($1,000,000.00) inclusive (the aggregate limits of such insurance to apply specifically to the Demised Premises and not to multiple locations).  Such insurance may be maintained under a blanket policy.  Lessee will within thirty (30) days of written request, deposit with Lessor a certificate showing such insurance to be then in force.  Lessee shall name Lessor as an additional insured on said liability policy.

Lease Agreement attached as Exhibit "B", at 7.

13. Additionally, under Section 9(a) of the Lease Agreement, PFC agreed as follows:

> Lessee covenants and agrees to pay, defend, indemnify and save harmless Lessor from and against any and all liability, loss, damage, cost, expense (including without limitation all reasonable attorneys' fees and expenses of Lessor), causes of action, suits, claims, demands or judgments of any nature whatsoever based upon, arising from or connected in any manner with (a) injury to or the death of any person or damage to any property occurring on the Demised Premises during the Lease term, (b) the use, non-use, condition, possession, construction, operation, maintenance, management or occupation of the Demised Premises or any part thereof during the Lease term, (c) any negligence or intentional misconduct on the part of Lessee or its agents, contractors, servants, employees, or licensees; and (d) the violation by Lessee of any term, condition or covenant of this Lease.  If any action or proceeding should be brought against Lessor based upon any such claim and if Lessee, upon notice from Lessor, shall cause such action or proceeding to be defended at Lessee's expense by counsel reasonably satisfactory to Lessor, without any disclaimer of liability by Lessee in connection with such claim, Lessee shall not be required to indemnify Lessor for attorneys' fees and expenses incurred by Lessor in connection with such action or proceeding.  This indemnity does not include the intentional or negligent acts or omissions of Lessor, its officers, agents, contractors, or employees or Lessor's breach of this Lease.  The obligations under this Article 9(a) shall survive any termination of this Lease.

Id. at 8.

14. The subject attack causing Ms. Doe's injuries occurred within the confines of PFC.  No part of the attack took place outside of PFC.

15. At the time of the subject attack, Ms. Doe was an employee of PFC as was her assailant.

16. PFC did not take measures that would have reduced the risk of attack. Specifically, PFC failed to provide an adequate security alarm system in the restaurant or restaurant's office to which Ms. Doe could have availed herself, or alternatively would have alerted Ms. Doe that the side door was propped open which allowed her assailant to

gain silent access to the building. PFC ignored foreseeable risks of harm by disregarding its own crime-deterrent policy of requiring two employees to close the restaurant. PFC knew or should have known that a previously installed tinted window in the office door did not provide the security it was intended to provide because anyone located in the hallway outside the office door could see into the office through the tinted window, but anyone located inside the office could not see out into the hallway through the tinting.

17. As an employee of PFC, Ms. Doe's assailant was aware of the layout of the restaurant, the hours of operation, that PFC's inadequate security alarm system would allow him to gain undetected after-hours access to the building through a side door, and that Ms. Doe would be alone with cash in the restaurant's office at the end of the night. Ms. Doe's assailant used his familiarity with these circumstances to assist in the robbery of PFC, and rape and assault of Ms. Doe.

18. Although Belz did agree to provide PFC security within the Common Areas of Park Place Centre, pursuant to the Lease Agreement, specifically excluded in the definition of Common Area are "all areas, improvements and equipment . . . devoted to or for one occupant's exclusive use . . . ." See Exhibit "B", Section 16(c), at 13.

19. The subject attack on Ms. Doe arose solely and exclusively out of the use and occupancy of the Demised Premises.

20. Belz did not agree, nor was it Belz's responsibility, to provide PFC with a security alarm system, security guards, or surveillance cameras within PFC's restaurant.

21. By virtue of Section 8(d) of the Lease Agreement, PFC owes an obligation to insure Belz on the acts complained of against Belz in Ms. Doe's personal injury lawsuit.

22.     By virtue of Section 9(a) of the Lease Agreement, PFC owes an obligation to "pay, defend, indemnify and save harmless" Belz on the acts complained of against Belze in Ms. Doe's personal injury lawsuit.

23.     Upon information and belief, Zurich provided the insurance required under Section 8(d) of the Lease Agreement, and which requires Zurich to provide Belz a defense in the personal injury lawsuit.

24.     Demand has been made upon Zurich to assume the defense of the personal injury lawsuit and Zurich has refused.

25.     Belz is a third-party beneficiary to a commercial general liability insurance policy between PFC and Zurich.

26.     By failing and refusing to "pay, defend, indemnify and save harmless" Belz in the personal injury lawsuit, Zurich is in breach of contract.

27.     Alternatively, Plaintiff would show that PFC is in breach of contract for failing to procure an adequate commercial general liability insurance policy as required by the Lease Agreement.

28.     By failing and refusing to "pay, defend, indemnify and save harmless" Belz in the personal injury lawsuit, PFC is in breach of contract.

29.     Belz has sustained actual and consequential damages as a proximate result of Defendants' failing and refusing to "pay, defend, indemnify and save harmless" Belz in the personal injury lawsuit.

30.     By refusing to "pay, defend, indemnify and save harmless" Belz in the personal injury lawsuit under PFC's commercial general liability insurance policy, Zurich

has disregarded PFC's negligent acts or omissions which were the proximate cause of Ms. Doe's injuries, and has additionally disregarded Belz's lack thereof.

31. Zurich has elected to not protect/defend/indemnify Belz, but to protect/defend/indemnify PFC in the underlying tort actions against Belz and PFC.

32. Zurich's and PFC's failure and refusal to "pay, defend, indemnify and save harmless" Belz constitutes bad faith with regard to Belz's claim as a third-party beneficiary against the commercial general liability insurance policy between Zurich and PFC.

33. Belz has sustained actual and consequential damages in the form of attorney fees and other expenses as a proximate result of Defendants' breach of contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. This Court enter an Order directing Zurich to assume defense of Ms. Doe's personal injury lawsuit against Belz in accordance with PFC's commercial general liability insurance policy under which Belz is an additional insured;

2. Alternatively, this Court enter an Order directing PFC to assume defense of Ms. Doe's personal injury lawsuit against Belz in accordance with the Lease Agreement executed by PFC;

3. For a judgment for all damages sustained by Belz as a result of Zurich's and PFC's failure and refusal to assume the defense of Plaintiff in Ms. Doe's personal injury lawsuit, including but not limited to attorney fees and other litigation expenses;

4. For a judgment in a sum not exceeding twenty-five (25%) on the liability for the loss pursuant to Tenn. Code Ann. § 56-7-105(a);

5. For pre-judgment and post-judgment interest;

6. For the costs of the cause;

7. Any other and further relief, both general and specific, for which Belz may recover.

Respectfully Submitted,

**GLASSMAN, EDWARDS,
WYATT, TUTTLE & COX, P.C.**

By: /s/Richard Glassman            .
RICHARD GLASSMAN (#7815)
LACEY BISHOP (#23465)
26 N. Second Street
Memphis, TN 38103
901-527-4673
rglassman@gewwlaw.com
Our File: 11-438

*Attorneys for Plaintiff Belz
Park Place G.P.*